# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2013

No. 12-10997
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABINO LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-5-2

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gabino Lopez appeals the 36-month term of imprisonment imposed upon the revocation of his supervised release following a conviction for conspiracy to possess with intent to distribute and possession with intent to distribute more than 500 grams of cocaine. He argues that his sentence, which exceeds the range set forth in the nonbinding policy statements in Chapter Seven of the Sentencing Guidelines but is within the statutory maximum, is procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because the district court failed to articulate adequate reasons for the sentence.

Although we generally review revocation sentences under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard, *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), Lopez did not raise the specific issue he raises here in the district court and we thus review for plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009)*; United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir. 2007). Under the plain error standard, Lopez must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to correct such an error only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Lopez asserts generally that a district court frustrates the purpose of the Sentencing Reform Act of 1984, deprives a defendant of his due process rights, and violates the principle of separation of powers when it sentences a defendant outside of the policy statement range without an adequate explanation. When a district court deviates from the policy statement range, Lopez asserts, it must provide an explicit rationale demonstrating that the United States Sentencing Commission unsoundly applied "its fact-findings to its statutory purpose" in crafting the relevant guideline provisions.

In choosing a sentence, a district court must consider most of the factors enumerated in 18 U.S.S.C. § 3553(a) and the policy statements found in Chapter Seven of the Guidelines. 18 U.S.C. § 3583(e)(3); *see* U.S.S.G. Ch. 7, Pt. B, intro. comment. Contrary to Lopez's contention that, under *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502 (2009), an explicit rationale *should* be required for a district court setting a non-guidelines sentence on revocation, we have required, based on § 3553(c) and *Rita v. United States*, 551 U.S. 338,

356-57 (2007), that the district court provide "some explanation" if it imposes a revocation sentence that falls outside a defendant's advisory sentencing guidelines range. *Whitelaw*, 580 F.3d at 261-62. "[A] district court need not engage in a checklist recitation of the section 3553(a) factors," *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012) (internal quotation marks and citation omitted), but should articulate reasons that are sufficient to "satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita*, 551 U.S. at 356.

In setting the sentence in the instant matter, the district court permitted Lopez's counsel and Lopez himself to address the court regarding the appropriate sentence. The district court then noted that Lopez began his supervised release in October 2010, but by 2011 was already involved in a drug transaction, had failed to submit two urine samples to his probation officer, and had failed to notify his probation officer of a change in his employment. In light of these facts, the district court determined that the policy statement range was inadequate to address Lopez's conduct, although the statutory maximum was too high. The district court concluded that a sentence of 36 months of imprisonment was "necessary to adequately and appropriately address the [§ 3553(a)] factors the Court should consider in a revocation sentencing context." The district court's explanation of Lopez's sentence indicates that the district court considered the policy statement range, the specific facts of Lopez's situation, and Lopez's argument in favor of a lower sentence. As such, the explanation was adequate under *Rita*, 551 U.S. at 356. The judgment of the district court is AFFIRMED.